```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

CATHY WOJIE,

      Plaintiff,

v.                                   Case No.  8:14-cv-1133-T-33MAP

PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

      Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant Prudential Insurance Company of America's Unopposed Motion to Transfer Venue (Doc. # 8) and Motion for Stay of All Pending Deadlines (Doc. # 9), both filed on July 15, 2014.  As explained below, the Court grants the Motions by transferring this case to the United States District Court for the District of New Jersey and extending to July 29, 2014, the deadline for Prudential to respond to the Complaint.

## Discussion

Plaintiff Cathy Wojie initiated this ERISA action against Prudential on May 12, 2014. (Doc. # 1).  Wojie indicated in the Complaint that "venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), because the breach of the employee benefits contract between the parties occurred within this district." (Doc. # 1 at ¶ 3).  At this juncture, the

parties, however, agree that venue is not proper in this district and that the case should be transferred either to the Eastern District of Michigan (where Wojie lives, works, and purportedly became disabled) or the District of New Jersey (where Prudential is incorporated and headquartered).

In the Motion to Transfer, Prudential asserts that "no acts or actions relevant to this lawsuit occurred in Florida; no documents or evidence relevant to this lawsuit are located in Florida; and no parties or witnesses to this lawsuit reside in Florida." (Doc. # 8 at 1). Prudential also points out that "[t]here is no indication that Plaintiff ever lived or worked in Florida at any time" and "Plaintiff does not allege that . . . TRW [Plaintiff's former employer] is located in Florida, that Defendant's documents or witnesses are located in Florida, or that the Plan was administered in Florida." (Id. at 2).

28 U.S.C. 1391(b), titled "Venue in General," states that a civil action may be brought in:

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject to the action is situated; or

>   (3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Id.

In addition, ERISA's venue provision, 29 U.S.C. § 1132(e)(2), provides that venue is proper "where the plan is administered, where the breach took place, or where a defendant resides or may be found." Consideration of these statutes leads the Court to find that venue is proper in the United States District Court for the District of New Jersey because Prudential is located in New Jersey.

Pursuant to 28 U.S.C. § 1404(a), which states, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought," the Court hereby transfers this case to the United States District Court for the District of New Jersey.[1]

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

---

[1] The Court recognizes that Prudential seeks the payment of its attorney's fees in connection with the filing of its present Motion to Transfer Venue. (Doc. # 8 at 9). The Court, however, exercises its discretion to decline to award such fees under the circumstances presented.

(1) Prudential's Unopposed Motion to Transfer Venue (Doc. # 8) is **GRANTED** to the extent that the Clerk is directed to transfer this action to the United States District Court for the District of New Jersey.

(2) Prudential's Motion for Stay of All Pending Deadlines (Doc. # 9) is **GRANTED** to the limited extent that the deadline for Prudential to respond to the Complaint is extended to and including July 29, 2014. The Motion is otherwise denied.

(3) After transfer has been effected, the Clerk shall close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of July, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record

-4-